**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

|  |  |
|---|---|
| **AMBER EARMAN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   **Civil Action No. 20-3850 (FYP)** |
| | ) |
| **SAUF HAUS BIER HALL-PGS, LLC,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

---

## MEMORANDUM OPINION

Plaintiff Amber Earman brings this case of discriminatory treatment based on sex against defendant Sauf Haus Bier Hall-PGS, LLC ("Sauf Haus"), seeking compensatory damages for loss of earnings and loss of retirement funds. *See* ECF No. 1 at 5 (Compl.). The Complaint alleges violations of (1) Title VII of the Civil Rights Act; and (2) the D.C. Human Rights Act ("DCHRA"). *Id.* at 2. Pending before the Court is Defendant's Motion to Dismiss ("Def. Mot."); Plaintiff's Opposition ("Pl. Opp."); and Defendant's Reply ("Def. Reply."). Defendant argues that Plaintiff fails to state a claim because (1) she failed to exhaust her administrative remedies under Title VII; and (2) her DCHRA claim is precluded because she opted to pursue her case before the D.C. Office of Human Rights ("DCOHR"). *See* ECF No. 5 at 4–5 (Def. Mot.). Plaintiff argues that the Court should exercise equitable jurisdiction and that the DCOHR is not an exclusive remedy. *See* ECF No. 6 at 2 (Pl. Opp.). The Court has considered the papers and the relevant law. For the reasons below, the Court grants Defendant's Motion to Dismiss.

**BACKGROUND**

Plaintiff began working at Defendant's beer hall on or about July 21, 2014.  *See* ECF No. 1 at 9 (D.C. Office of Human Rights Letter of Determination ("LOD") dated May 6, 2019).  On June 5, 2015, Plaintiff was late for work, failed to open the establishment on time, and was told not to come to work that day.  *Id*; Compl. at 4.  On June 8, 2015, Plaintiff reported to work at 2:00 p.m. as instructed, and was terminated upon arrival for being late to work on June 5, 2015.  *See* Compl. at 3.  Plaintiff alleges that she was terminated after a night out of drinking with her coworkers and boss.  *Id.* at 4.  Plaintiff alleges that if a male employee had been taken out by the owner and was late to work the next day, that he would not have been terminated.  *Id.*

On May 4, 2016, Plaintiff filed an Initial Written Complaint with the DCOHR indicating that she was terminated on June 8, 2015, because of discriminatory reasons based on her sex.  *See* May 6, 2019 LOD at 2.  Plaintiff also filed a charge with the Equal Employment Opportunity Commission ("EEOC") on October 19, 2016.[1]  *See* Compl. at 5.  The DCOHR investigated the complaint to determine (1) whether between May 3, 2015 and June 8, 2015, Defendant discriminated against Plaintiff based on sex; and (2) whether Defendant discriminated against Plaintiff when terminating her on June 8, 2015.  *See* May 6, 2019 LOD at 1.  On May 6, 2019, the DCOHR found no probable cause to support either claim.  *Id.* at 2.

Plaintiff then filed a Request for Reconsideration of the LOD on May 21, 2019.  *See* ECF No. 1 (Determination on Complainant's Request for Reconsideration, dated March 25, 2020 ("March 25 Order")).  The DCOHR affirmed its findings as to Issue I but granted Plaintiff's request as to Issue II.  *Id.*  On April 8, 2020, Defendant filed a Request for Reconsideration of

---

[1]    The EEOC has not issued a Notice of Right to Sue since the last determination issued by the DCOHR on September 25, 2020.  *See* Compl. at 5.

the March 25 Order.  *See* ECF No. 1 (Determination on Respondent's Request for

Reconsideration, dated September 25, 2020 ("September 25 Order")).  In an Order dated

September 25, 2020, the DCOHR granted Defendant's request and affirmed the May 6, 2019

LOD in its entirety.  *Id*.  Plaintiff then filed the instant Complaint on December 23, 2020.

Compl. at 2–3.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim upon

which relief can be granted."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 552 (2007).

Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6)

motion, *id.* at 555, "a complaint must contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Twombly*, 550 U.S. at 570).

When considering a motion to dismiss, a court must construe a complaint liberally in the

plaintiff's favor, "treat[ing] the complaint's factual allegations as true" and granting "plaintiff the

benefit of all inferences that can be derived from the facts alleged."  *Sparrow v. United Air Lines,

Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citations and quotation marks omitted); *see

also Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Although a plaintiff

may survive a Rule 12(b)(6) motion even if "'recovery is very remote and unlikely,'" the facts

alleged in the complaint "must be enough to raise a right to relief above the speculative

level."  *Twombly*, 550 U.S. at 555–56 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## ANALYSIS

### I.    Title VII Claim

Defendant argues that Plaintiff's Title VII claim should be dismissed because she failed to exhaust her administrative remedies by filing a timely charge with the EEOC.  *See* Def. Mot. at 5.  A Title VII "complainant[] must timely exhaust the[ir] administrative remedies before bringing their claims to court."  *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997). To exhaust their administrative remedies, a plaintiff must file a charge with the EEOC "within three hundred days after the alleged unlawful employment practice occurred."  *See* 42 U.S.C. § 2000e-5(e)(1).  The three-hundred day filing period applies "where a worksharing agreement exists between the EEOC and a local fair employment practices agency."  *Carter v. George Washington Univ.,* 387 F.3d 872, 879 (D.C. Cir. 2004); *see id.* (stating that because the EEOC has a worksharing agreement with the DCOHR, a plaintiff has three-hundred days to file a charge of discrimination).  In determining the three-hundred-day deadline, "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'"  *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).

In the instant case, the last alleged act of discrimination occurred on June 8, 2015, when Plaintiff was terminated.  *See* Compl. at 3.  Therefore, Plaintiff was required to file a charge with the EEOC on or before April 4, 2016, to preserve her Title VII claim.  *See* 42 U.S.C. § 2000e-5(e)(1).  Plaintiff's Complaint states that she submitted a Charge of Discrimination to the EEOC on October 19, 2016.  *See* Compl. at 5.  Even drawing all inferences in favor of Plaintiff, the earliest that she could be construed to have submitted a charge to the EEOC was May 4, 2016, when the DCOHR received her complaint.  *See* May 6, 2019 LOD at 1.  Using either date,

Plaintiff was late in filing a complaint with the EEOC, and therefore has failed to exhaust her administrative remedies.  Thus, Plaintiff fails to state a claim under Title VII.

## II.    D.C. Human Rights Act Claim

Defendant argues that Plaintiff's DCHRA claim must be dismissed because Plaintiff elected to pursue her claim with the DCOHR.  *See* Def. Mot. at 4.  The DCHRA states that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of competent jurisdiction . . . unless such person has filed a complaint hereunder[.]"  *See* D.C. Code § 2-1403.16(a).  Courts have thus found that the jurisdiction of the courts and the DCOHR are mutually exclusive.  *See Parker v. Nat'l Corp. for Hous. P'ships*, 697 F. Supp. 5, 7 (D.D.C. 1988); *Brown v. Capitol Hill Club*, 425 A.2d 1309, 1311 (D.C. 1981) ("[W]here one opts to file with OHR, he or she generally may not also file a complaint in court.").  The only exceptions to the mutual exclusivity of the remedies are (1) where the DCOHR "dismissed such complaint on the grounds of administrative convenience" and (2) "where the complainant has withdrawn the complaint[.]"  *See* D.C. Code § 2-1403.16(a).

In the instant case, Plaintiff opted to pursue her complaint of sex discrimination with the DCOHR.  *See* Compl. at 4–5.  The DCOHR fully investigated Plaintiff's claim and made a determination on the merits.  *See* May 6, 2019 LOD.  The DCOHR did not dismiss the complaint, nor did Plaintiff withdraw the complaint.  *Id*.  Therefore, neither of the statutory exceptions apply.  *See* D.C. Code § 2-1403.16(a).  Because Plaintiff filed a complaint with the DCOHR, she may not now file the same complaint with this Court, and she thus fails to state a claim under the DCHRA.[2]  *See Brown*, 425 A.2d at 1311.

---

[2]    Plaintiff also asks this Court to exercise equitable jurisdiction over her DCHRA claim.  *See* Compl. at 2. Equitable jurisdiction may be exercised when there is no "adequate remedy at law."  *Investors Syndicate of America,*

## CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss.  A separate

Order will issue this day.


_____
Florence Y. Pan
United States District Judge

Date:  October 20, 2021

---

*Inc. v. Simon*, 407 F.Supp. 83, 85 (D.D.C. 1975); *Payne v. Hook*, 74 U.S. 425, 430 (1868).  Equitable jurisdiction is not appropriate in this case because the administrative process before the DCOHR provided an adequate remedy at law, and plaintiff took advantage of that process.